MSL/2017R00565

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 19-292 |
| | : | |
| v. | : | 18 U.S.C. § 242 |
| | : | 18 U.S.C. § 2 |
| ANTHONY VILLANUEVA and | : | 18 U.S.C. § 1519 |
| DREW INMAN | : | |

## I N D I C T M E N T

The Grand Jury, in and for the District of New Jersey, sitting at Trenton, charges:

## BACKGROUND

1. At all times relevant to this Indictment:

   a. Defendant ANTHONY VILLANUEVA ("defendant VILLANUEVA") and defendant DREW INMAN ("defendant INMAN") were police officers employed by the Trenton Police Department in Trenton, New Jersey.

   b. As police officers, and while acting under color of law, defendant VILLANUEVA and defendant INMAN were required at all times to comply with the Constitution and laws of the United States, including the right to be free from unreasonable search and seizure during the course of an investigation, arrest, and detention; and the right not to be deprived of life or liberty without due process of law.

   c. "CW" resided in Trenton, New Jersey.

   d. "Police Officer 1" was employed by the Trenton Police Department.

**The April 9, 2017 Assault of CW**

2.      On or about April 9, 2017, at approximately 2:00 a.m., defendant VILLANUEVA responded to a radio call for assistance, alerting him that other officers were in pursuit of a suspect, later identified as CW, who had fled in his vehicle, attempting to avoid a routine traffic stop near an intersection in Trenton.

3.      VILLANUEVA and other officers soon spotted CW abandoning his vehicle and fleeing on foot.  VILLANUEVA and other officers therefore exited their vehicles and pursued CW on foot.

4.      After leading the officers on a foot chase for approximately one to two minutes, CW reached the banks of the Delaware and Raritan Canal, got into the water, and swam across to the opposite bank.  CW then exited the canal by climbing up a steep embankment and into a brush-strewn area near a parking lot.

5.      A chain link fence separated the brush-strewn area adjacent to the canal from the parking lot.  As CW exited the canal and walked towards the chain link fence, Police Officer 1 stood on the opposite side of the fence, in the parking lot.  Additional Trenton police officers who had arrived on the scene ordered CW to put his hands in the air.  CW complied, raising both hands in the air above his head.  Police Officer 1 ordered CW to climb over the fence toward Police Officer 1.  Again, CW complied.  CW placed both hands on top of the chain link fence.

6. Defendant VILLANUEVA was standing on the same side of the chain link fence as CW, and nearby CW, as CW complied with Police Officer 1's commands.

7. Nonetheless, and without issuing any warning or command, defendant VILLANUEVA moved swiftly towards CW and punched CW in the face.

8. Simultaneously, defendant INMAN, who had been approaching CW from behind, tackled CW to the ground. Defendant INMAN did not issue any warning or command prior to tackling CW.

9. During the next approximately thirty seconds, defendant INMAN and defendant VILLANUEVA punched CW numerous times. CW cried out in pain, and told officers, "stop hitting me in my face," and "you've got my hands."

10. CW was subsequently handcuffed by other officers on the scene, and driven to Trenton Police Headquarters for processing. Defendant VILLANUEVA assisted in processing CW, and was present when CW's booking photograph was taken within a few hours of CW's arrest. The booking photograph depicts various injuries to CW's face; namely, a bloody lip and nose, and swelling and bruising around his left eye.

11. Following the assault against CW, defendants VILLANUEVA and INMAN each completed law enforcement reports that memorialized the incident. In the reports, the defendants knowingly made numerous misrepresentations, false statements and omissions in an effort to portray CW as the aggressor and an ongoing threat.

## COUNT 1
## (Deprivation of Rights Under Color of Law)

12. The allegations set forth in paragraphs 1 through 11 of this Indictment are hereby repeated, realleged and incorporated as if fully set forth herein.

13. On or about April 9, 2017, in Mercer County, in the District of New Jersey, and elsewhere, the defendants,

**ANTHONY VILLANUEVA and
DREW INMAN**,

did, while acting under color of law, and aiding and abetting each other and other persons both known and unknown to the grand jury, assault CW during the arrest of CW while CW was attempting to comply with orders from police officers, thereby willfully depriving CW of the right, secured and protected by the Fourth Amendment of the Constitution and laws of the United States, to be free from unreasonable search and seizure. This offense resulted in bodily injury to CW.

In violation of Title 18, United States Code, Section 242 and Section 2.

## COUNT 2
### (Falsification of Record)

14. The allegations set forth in paragraphs 1 through 11 of this Indictment are hereby repeated, realleged and incorporated as if fully set forth herein.

15. Offenses involving the deprivation of civil rights, to include the right to be free from unreasonable searches and seizures, including through the use of unreasonable force by a person acting under color of law, statute, ordinance, or regulation, contrary to Title 18, United States Code, Section 242, are matters within the jurisdiction of the Federal Bureau of Investigation, which is an agency within the United States Department of Justice.

16. On or about April 9, 2017, in Mercer County, in the District of New Jersey, and elsewhere, the defendant,

**ANTHONY VILLANUEVA**,

in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, knowingly concealed, covered up, falsified, and made false entries in a Trenton Police Department Use of Force Report about the April 9, 2017 incident involving CW, with the intent to impede, obstruct, and influence the investigation and proper administration of such matter; that is, VILLANUEVA falsely reported that: (a) CW had resisted police officer control; and (b) CW had not been injured.

In violation of Title 18, United States Code, Section 1519.

## COUNT 3
### (Falsification of Record)

17. The allegations set forth in paragraphs 1 through 11, and 15, of this Indictment are hereby repeated, realleged and incorporated as if fully set forth herein.

18. On or about April 9, 2017, in Mercer County, in the District of New Jersey, and elsewhere, the defendant,

**ANTHONY VILLANUEVA**,

in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, knowingly concealed, covered up, falsified, and made false entries in a Trenton Police Department Case Supplemental Report about the April 9, 2017 incident involving CW, with the intent to impede, obstruct, and influence the investigation and proper administration of such matter; that is, VILLANUEVA falsely reported that: (a) VILLANUEVA had struck CW because CW had refused to comply with police commands to put his hands behind his back; and (b) VILLANUEVA had struck CW while struggling to handcuff CW.

In violation of Title 18, United States Code, Section 1519.

6

## COUNT 4
### (Falsification of Record)

19.  The allegations set forth in paragraphs 1 through 11, and 15, of this Indictment are hereby repeated, realleged and incorporated as if fully set forth herein.

20.  On or about April 9, 2017, in Mercer County, in the District of New Jersey, and elsewhere, the defendant,

**DREW INMAN**,

in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, knowingly concealed, covered up, falsified, and made false entries in a Trenton Police Department Use of Force Report about the April 9, 2017 incident involving CW, with the intent to impede, obstruct, and influence the investigation and proper administration of such matter; that is, INMAN falsely reported that: (a) CW had resisted police officer control; and (b) CW had presented a physical threat to police and/or had attacked a police officer or another.

In violation of Title 18, United States Code, Section 1519.